## JONES and Others *v.* COOK.

PLEADING.—*Complaint.*—Complaint by A. against B., alleging that A. sold and delivered to B. a certain quantity of wheat, on the 31st day of August, 1867, and B. agreed to pay A. within twelve cents per bushel of the Cincinnati market price, to be determined by the Cincinnati papers at any time which A. might select, within one year from the delivery of the wheat; that on the 28th day of April, 1868, A. notified B. that he would on that day take the price of said wheat as per Cincinnati papers of that date; that wheat was worth in Cincinnati on that day $2.70 per bushel; and that A. fixed the price on that day and demanded the pay therefor, but B. refused, &c.

*Held,* that the complaint was good.

APPEAL from the Bartholomew Circuit Court.

PETTIT, J.—The appellee sued the appellants. The complaint was in two paragraphs, the first of which was as follows:

" The plaintiff complains of the defendants, and says that on the 3d day of August, 1867, he sold and delivered to said defendants one thousand two hundred twenty-three bushels and twenty-one pounds of wheat, for which defendants agreed before said delivery, and as the contract under which the same was delivered, to pay plaintiff within twelve cents of the Cincinnati market price, to be determined by the Cincinnati papers, at any time within one year from the date of delivery of said wheat, which plaintiff might select; that under said contract plaintiff delivered and defendants accepted said quantity of wheat under said contract; that on the 28th day of April, 1868, the plaintiff called upon defendants and notified them that he would on that day take the price of said wheat as per Cincinnati papers of that date, and that he fixed the price on that day; that on said day wheat was worth in the city of Cincinnati two dollars and seventy cents per bushel; that plaintiff then and there fixed the price of his wheat, and demanded the pay therefor, but defendants refused, and neglected to pay for the same or any part thereof."

The second paragraph was a common count for wheat

sold and delivered, and closed by asking judgment for six thousand dollars. There was a motion to strike out certain parts of the first paragraph of the complaint, which was properly overruled. A demurrer was filed to the same paragraph, because it did not state facts sufficient, &c., and this was properly overruled. Both rulings were excepted to. Answers of general denial and payment. Payment was replied to by denial. Trial by jury, and verdict for plaintiff for three thousand two hundred and sixty-two dollars and twenty-six cents. A motion for a new trial was overruled; exceptions, and judgment on the verdict. The evidence is in the record, and fully sustains the first paragraph of the complaint and the verdict. It is objected that the verdict is for more than two dollars and fifty-eight cents a bushel (being twelve cents less than the Cincinnati price). Admit it. There had been an unreasonable delay in payment, of one year and eight months, and the jury added interest on the amount due. The sixth instruction will explain this. The instructions are :

" 1. This is a civil action, and is to be determined and de-decided by the weight or preponderance of the evidence.

" 2. The burden of proof in this case is upon the plaintiff, and to entitle him to a verdict, he must show to your satisfaction by a preponderance of the evidence the material allegations of his complaint.

" 3. If you are satisfied from the evidence that the wheat was delivered and received upon the contract set up in the first paragraph in the complaint, and that the plaintiff notified the defendants or either of them, that he would fix the price on a particular day, and did so fix it, then the rule of damages is the price of the wheat on that day at Cincinnati, as shown by the papers, less twelve cents per bushel.

" 4. If you are satisfied from the evidence that the wheat was not delivered upon the special contract, or that the plaintiff did not fix the price upon a particular day up to the time of the commencement of this action, he is not entitled to a verdict upon the first paragraph of the complaint.

" 5. If you find for the defendants on the first paragraph

of the complaint, and that the plaintiff delivered to the defendants one thousand two hundred and twenty-three bushels of wheat on or about August, 1867, the rule of damages is the price of the wheat at the time of delivery.

"6.  When payment has been unreasonably delayed for goods sold and delivered, the plaintiff is entitled to interest at the rate of six per cent. per annum; it is for you to determine whether payment has been unreasonably delayed or not, and if so delayed, for how long."

The giving these instructions was excepted to, and is assigned for error.  They were clearly and fully appropriate to the complaint and the evidence, and we can come to no other conclusion than that this case was brought here for delay (as is suggested in the evidence that it would be if the suit should be brought); and we feel it our duty, as we are satisfied that no wrong was committed by the court below, to affirm the judgment with two per cent damages and costs, which is done accordingly.

*F. T. Hord*, for appellants.